**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
INTERNATIONAL WINE GROUP, S.R.L,                    Docket No.:

                Plaintiff,

                                                                     **COMPLAINT**
                                                                     Plaintiff demands a jury trial

       -against-

SIGNATURE SELECTIONS, LLC,

                Defendant.
-------------------------------------------------------------------------X

Plaintiff, INTERNATIONAL WINE GROUP, S.R.L, (hereinafter "Plaintiff"), by its attorneys, Vandamme Law Firm, P.C., as and for its Complaint against Defendant SIGNATURE SELECTIONS, LLC, ("Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction since the Plaintiff is a citizen of Italy and Defendant is a citizen of New York.

2. Venue is proper since a substantial part of the events or omissions giving rise to the breach of contract claim occurred in the Eastern District of New York. *See* 28 U.S. Code § 1391, (b)(2).

3. The amount in controversy also exceeds $75,000.00.

## PARTIES

4. Plaintiff INTERNATIONAL WINE GROUP, S.R.L, ("Plaintiff") is an Italian limited liability company with its principal place of business located in Sant'Ambrogio di Valpolicella via Diaz n. 4 – Centro Diamante Due, 37015, Verona, Italy.

5. Upon information and belief, at all times herein mentioned, SIGNATURE SELECTIONS, LLC, (hereinafter "Defendant") was a New York limited liability company with its principal place of business at 2079 Wantagh Avenue, Suite 9, Wantagh, NY 11793-3924.

6. This is a civil action seeking monetary relief, compensatory damages, disbursements, costs and fees for a breach of contract by the defendant.

## FACTS

7. Plaintiff is in the business of producing and export wines mainly from the Valpolicella area and Veneto region in Italy and selling wine both in Italy and internationally.

8. In or about 2014, plaintiff started selling wine in the United States. In approximately 2015, plaintiff established a business relationship with the Defendant, a US importer of Italian wines.

9. In or about 2017, Mr. Fabrizio Fichera, the legal representative of International Wine Group s.r.l, traveled to New York City where he met with Mr. Mehata Zubin, one of the owners and the sole Director of the Defendant. They both discussed how to establish a business relationship whereby plaintiff would deliver wine to the defendant. In particular, the meetings took place in Melville on Long Island in the defendant's office. Specifically, the parties met on November 30, 2017, April 24, 2017, June 11, 2018, and October 17, 2018. During the meetings, the parties discussed logistics of the shipments and agreed on product pricing. The defendant indicated that he liked the product and wished to purchase wine from plaintiff.

10. The defendant agreed to pay for each delivery within 60 days after receiving the invoice. In 2016, plaintiff delivered the first order of wine to the defendant.

11. In 2016, plaintiff shipped a total of 16,793 boxes of wine to the defendant's warehouse in

Manhattan (hereinafter "the 2016 Deliveries"). Each box contained 12 bottles of wine. The agreed upon total price for the 2016 Deliveries was $497,641.62 (or Euro 428,052.36).

12. In 2016, Defendant made partial payments totaling $338,014.35 (or Euro 290,729.35) towards the 2016 Deliveries leaving an amount of $159,647.85 (Euro 137,323.01) unpaid.

13. In 2017, plaintiff shipped a total of 38,379 boxes of wine to the defendant's warehouse in Manhattan (hereinafter "2017 Deliveries"). Each box contained 12 bottles of wine. The agreed upon price for the 2017 Deliveries was $ 1,226,293.82 (Euro 1,054,0691.87).

14. In 2017, Defendant made a partial payment of $738,457.36 (Euro 634,746.61) towards the 2017 Deliveries leaving $487,854.23 (Euro 419,315.26) unpaid.

15. In 2018, plaintiff shipped a total of 39,965 boxes of wine to the defendant's warehouse in Manhattan (hereinafter "2018 Deliveries"). Each box contained 12 bottles of wine. The agreed upon total price for the 2018 Deliveries was $1,037,900.00 (Euro 884,857.32).

16. In 2018, Defendant made partial payments of $1,023,726.69 (Euro 879,908.80) towards the 2018 Deliveries leaving an unpaid amount of $5,688.23 (Euro 4,889.12).

17. In 2019, plaintiff shipped a total of 3,418 boxes of wine to the defendant's warehouse in Manhattan (hereinafter "2019 Deliveries"). Each box contained 12 bottles of wine. The agreed upon total amount for the 2019 Deliveries was $43,256.20 (Euro 36,454.20).

18. In 2019, the Defendant paid $486,454.52 (Euro 394,750.40) towards the outstanding balances of the 2016, 2017, 2018, and 2019 Deliveries leaving a total unpaid balance of 238,998.82 (Euro 203.231,19).

19.     Plaintiff requested in good faith that the Defendant pay all outstanding amounts;

however, to date, Defendant still owes $238,998.82 (Euro 203.231,19) to the Plaintiff.

20. Plaintiff substantially performed by shipping and delivered the wine ordered.

21. The defendant refused to pay the outstanding amounts for the wines received and refused to compensate the plaintiff for its goods and services.

22. The defendant materially breached the agreement.

23. The plaintiff sustained monetary damages that exceed the jurisdictional limits of this court, but in no event less than $ 238,998.19 (Euro 203.231,19), plus the statutory interest of 9%.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

24. Plaintiff incorporates and re-alleges by reference the allegations of paragraphs 1 to 25 as if fully set forth herein.

25. The plaintiff and defendant entered into a valid contract.

26. The plaintiff substantially performed its duties under the contract.

27. The defendant materially breached the contract by failing to pay the plaintiff the agreed upon amount.

28. Plaintiff sustained damages as a result of the breach of contract by the defendant.

29. Plaintiff is entitled to monetary damages as a result of the breach of contract.

**WHEREFORE**, the Plaintiff demands judgment against Defendant in the amount of $238,998.19 and the statutory interest, costs, disbursements, and attorney's fees to the extent permitted by law, and for such and other further relief that this Court deems just, proper and equitable.

Dated: New York, New York
       December 22, 2020

                                                    Yours, etc.,

                                                    VANDAMME LAW FIRM, P.C.
                                                    /s/ *Hendrick Vandamme*
                                                    Hendrick Vandamme, Esq.
                                                    46 Trinity Place, 3rd Floor
                                                    New York, New York 10006
                                                    Tel: 212-641-0613/212-851-6916