UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

INTERNATIONAL WINE GROUP S.R.L.,

                Plaintiff,                        Case No.21-CV-513-ERK

     v.

SIGNATURE SELECTIONS LLC,             JURY TRIAL DEMANDED

                Defendant.
_____

## ANSWER AND COUNTERCLAIM

        Defendant SIGNATURE SELECTIONS LLC, by its attorney, answering the complaint and counterclaiming against plaintiff:

        1-4.  Denies sufficient knowledge or information to form a belief concerning the accuracy of the allegations of paragraphs 1-4 of the complaint.

        5.  Denies the allegations of paragraph 5 of the complaint.

        6-8.  Denies sufficient knowledge or information to form a belief concerning the accuracy of the allegations of paragraphs 6-8 of the complaint.

        9.  Denies so much of the allegations of paragraph 9 of the complaint as alleges the name of the principal of defendant with whom plaintiff met; and denies so much of the allegations of paragraph 9 of the complaint as alleges or implies that the parties reached complete agreement concerning pricing at the alleged meetings; and denies sufficient knowledge or information at this time concerning the allegations in paragraph 9 of the complaint concerning the alleged meeting dates, as defendant will need more time to check its records going back as much as 5 years concerning the alleged meeting dates.

        10.  Admits so much of the allegations of paragraph 10 of the complaint as alleges that plaintiff shipped the first wine in 2016 and denies the remaining allegations of paragraph 10.

        11-12.  Denies so much of the allegations of paragraphs 11-12 of the complaint as alleges

any balance due for the wines shipped in 2016, as defendant has paid in full for the wines shipped in 2016, and denies at this time sufficient knowledge or information concerning the remaining allegations of paragraphs 11-12 of the complaint.

      13-16.  Denies so much of the allegations of paragraphs 13-16 of the complaint as alleges any balance due for the wines shipped in 2017 and 2018, as defendant has paid in full for so much of the wines shipped in 2017 and 2018 which complied with the parties' agreement; and defendant has rightfully declined to pay for – and has no obligation to pay for – so much of the wines shipped in 2017 and 2018 which were defective, non-conforming, failed to comply with the parties' agreement, and in breach of plaintiff's warranty.  Specifically, defendant has rightfully declined to pay for – and promptly notified plaintiff of defects in – the shipments of:

      (1) the Mezza Luna Pinot Grigio wines, in that the caps on the bottles of the Mezza Luna Pinot Grigio wines were leaking which caused the wines to oxidize and turn to vinegar; and

      (2) the Mezza Luna Montepulciano wines, in that the caps on the bottles of the Mezza Luna Montepulciano wines were leaking which caused the wines to oxidize and turn to vinegar; and

      (3) the Mezza Luna Prosecco Frizzante wines, in that the caps on the bottles of the Mezza Luna Prosecco Frizzante wines were leaking which (a) caused the wines to oxidize and turn to vinegar, and (b) caused the pressure and carbonation in the wines to dissipate and caused the wines, which were supposed to be carbonated, to go flat; and

denies at this time sufficient knowledge or information concerning the remaining allegations of paragraphs 13-16 of the complaint.

17-18.  Denies so much of the allegations of paragraphs 17-18 of the complaint as alleges any balance due for the wines shipped in 2019, as defendant has paid in full for the wines shipped in 2019, and denies at this time sufficient knowledge or information concerning the remaining allegations of paragraphs 17-18 of the complaint.

19-20.  Denies the allegations of paragraphs 19-20 of the complaint.

21.  Denies the allegations of paragraph 21 of the complaint, as defendant rightfully and legitimately declined to pay for the non-conforming and defective wines, as set forth above in paragraphs 13-16 of this Answer.

22-24 & 26-29.  Denies the allegations of paragraphs 22-24 & 26-29 of the complaint.

## AFFIRMATIVE DEFENSES

## PRELIMINARY STATEMENT – NO ASSUMPTION OF BURDENS OF PRODUCTION OR PERSUASION WHERE THE SUBSTANTIVE LAW PLACES THESE BURDENS ON PLAINTIFF

30.  Defendant's interposition of the following affirmative defenses is not an assumption by defendant of the burden(s) of production and/or persuasion on the following matters where the applicable substantive law places these burden(s) on plaintiff as part of plaintiff's prima facie case or otherwise.  Defendant interposes the following as affirmative defenses as a protective measure and without prejudice to defendant's contention that certain wines shipped by plaintiff were defective and non-confirming, for which defendant rightfully declined to pay and had no obligation to pay, and without prejudice to the burdens of production and persuasion incurred by plaintiff where the applicable substantive law so provides.  With this reservation, and without prejudice to defendant's rights and contention as stated above, defendant interposes the following:

**JURISDICTIONAL ALLEGATION CONCERNING COUNTERCLAIM**

31. This Court has jurisdiction over the subject matter of defendant's counterclaim by reason of (1) this Court's ancillary or supplemental jurisdiction, in that defendant's counterclaim arises out of the same transactions or events which are the bases of plaintiff's purported claim and thus is a compulsory counterclaim under Fed.R.Civ.P. 13(a), and (2) the same jurisdictional bases which provide jurisdiction over plaintiff's purported claim under 28 U.S.C. 1331, 1332.

**FIRST AFFIRMATIVE DEFENSE AND COUNTERCLAIM**

32. Defendant incorporates the allegations of paragraphs 1-31 of this Answer and Counterclaim.

33. Defendant has rightfully declined to pay for – and has no obligation to pay for – so much of the wines shipped in 2017 and 2018 which were defective, non-conforming, failed to comply with the parties' agreement, and in breach of plaintiff's warranty. Specifically, defendant has rightfully declined to pay for – and promptly notified plaintiff of defects in – the shipments of:

>   (1) the Mezza Luna Pinot Grigio wines, in that the caps on the bottles of the Mezza Luna Pinot Grigio wines were leaking which caused the wines to oxidize and turn to vinegar; and
>
>   (2) the Mezza Luna Montepulciano wines, in that the caps on the bottles of the Mezza Luna Montepulciano wines were leaking which caused the wines to oxidize and turn to vinegar; and
>
>   (3) the Mezza Luna Prosecco Frizzante wines, in that the caps on the bottles of the Mezza Luna Prosecco Frizzante wines were leaking which (a) caused the wines to oxidize and turn to vinegar, and (b) caused the pressure and

carbonation in the wines to dissipate and caused the wines, which were supposed to be carbonated, to go flat; and

(4) the Mezza Luna Moscato D'Asti bottles, in that the bottles for the Mezza Luna Moscato D'Asti wines were mislabeled "D.O.C." (invalid) instead of "D.O.C.G." (required) which rendered the bottles useless.

34. Defendant promptly notified plaintiff of these defects in the Mezza Luna Pinot Grigio, Mezza Luna Montepulciano, and Mezza Luna Prosecco Frizzante wine shipments, and of the defect in the bottles for the Mezza Luna Moscato D'Asti wine, and that these wines and bottles could not be sold or used, and that plaintiff should retrieve them. Plaintiff has declined to retrieve them.

35. As a proximate result of plaintiff's shipments of the Mezza Luna Pinot Grigio, Mezza Luna Montepulciano, and Mezza Luna Prosecco Frizzante wines, which were defective, non-conforming, in contravention of the parties' agreement, and in breach of plaintiff's warranty – and as a proximate result of plaintiff's shipments of the Mezza Luna Moscato D'Asti bottles which were defective, non-conforming, in contravention of the parties' agreement, and in breach of plaintiff's warranty – defendant suffered damages for which plaintiff is responsible and which defendant is entitled to recover from plaintiff. The total damages for which plaintiff is responsible, and which defendant is entitled to recover from plaintiff, are in excess of $800,000.00 as follows:

(1) $352,620.00 expended by defendant for Mezza Luna glass bottles rendered useless by plaintiff's violations, plus interest (exh.1 = Rockwood invoice to defendant for Mezza Luna glass bottles rendered useless by plaintiff's violations); and

(2) estimated $80,000.00-$90,000.00 for taxes paid by defendant for Mezza Luna wine shipments rendered useless by plaintiff's violations, plus interest; and

(3) estimated $50,000.00 shipping and freight expenses paid by defendant for Mezza Luna wine shipments rendered useless by plaintiff's violations, plus interest; and

(4) estimated $300,000 lost profits suffered by defendant by reason of cancelled and lost sales of Mezza Luna wines caused by plaintiff's violations, plus interest; and

(5) $50,000.00 fair market value of storage area for defective Mezza Luna wines shipped by plaintiff to defendant, plus interest.

## SECOND AFFIRMATIVE DEFENSE

36. Plaintiff improperly, and without defendant's consent or authorization, has shifted credit for the payments made by defendant and has improperly credited to the above-mentioned defective wine shipments (paragraphs 33(1) - 33(3) above) the payments which defendant made for the valid wine shipments, thereby improperly leaving open and allegedly unpaid the invoices for the valid wine shipments which defendant in fact has paid in full.

## THIRD AFFIRMATIVE DEFENSE

37. To the extent that plaintiff seeks payment for wines other than the wines listed in paragraphs 33(1) - 33(3) above, defendant in fact has paid for such other wines in full.

## FOURTH AFFIRMATIVE DEFENSE

38. To the extent that plaintiff seeks payment for wines shipped in 2016 or prior to Jan. 30, 2017, plaintiff's claim is barred by the applicable 4-year statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

39. Plaintiff has agreed and acknowledged that its shipments of Mezza Luna wines (paragraphs 33(1) - 33(3) above) were defective and not in compliance with the parties' agreement or with defendant's orders.

WHEREFORE defendant demands judgment against plaintiff dismissing plaintiff's claim on the merits, awarding to defendant and against plaintiff appropriate sums on defendant's counterclaim estimated to be in excess of $800,000.00 plus interest, awarding to defendant the costs and attorneys fees incurred in the defense of this action and in the prosecution of defendant's counterclaim, and awarding to defendant all additional relief which is just and appropriate.

Dated:  April 26, 2021                     LAW OFFICE OF DENNIS GROSSMAN
                                           Attorney for Defendant
                                           SIGNATURE SELECTIONS LLC

                                               /s/ Dennis Grossman
                                           by:_____
                                                Dennis Grossman
                                           10 Bond Street  (#600)
                                           Great Neck, New York 11021
                                           (516) 466-6690
                                           dagrossmanlaw@aol.com

## **CERTIFICATE OF SERVICE**

      I certify that on this April 26, 2021 I served a copy of the foregoing document and attached exhibit 1 by ECF on the attorney for plaintiff by filing this document with this Court which then served the attorney for plaintiff through this Court ECF's system.

                                        /s/ Dennis Grossman
                                          Dennis Grossman
                                  10 Bond Street  (#600)
                                  Great Neck, New York 11021
                                  (516) 466-6690
                                  dagrossmanlaw@aol.com

# EXHIBIT 1



ROCKWOOD & HINES Limited
Epps Building, Bridge Road, Ashford, Kent TN 23 1BB, U.K.
Tel: (44)01233 66 33 70  Fax: (44) 01233 66 33 80

**ROCKWOOD & HINES GLASS GROUP CO. Ltd.**
A division of Rockwood & Hines ltd. Ashford, Kent, U.K.
9/F SURSON COMMERCIAL BUILDING
140, 142 Austin Road
Tsimshatsui, Kowloon, Hong Kong
Tel; (852)2314-3668

## INVOICE N°15- Mezza Luna Mass Production A053 Zubin

**SOLD TO :**

Zubin
Truvines LLC
29 Raymond Place
Hawthorne, NJ 07506

Purchase Order N° : 1
VIA EMAIL
term of payment :
Sales Person :Henri
Terms of Sale : Ex Works
SHIP VIA:
DATE: 10th Oct 2016

**SHIP TO:**

| QUANTITY | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|
| | Mezza Luna | | |
| 20,000 | Mezza Luna 1500ML(super flint bottle, Aluminium cap and printing carton) | $ 2.93 | $ 58,600.00 |
| 100,000 | Mezza Luna 750ML( flint bottle, Aluminium cap and printing carton) | $ 1.29 | $ 129,000.00 |
| 100,000 | Mezza Luna Prosecco 750ML( flint bottle, Aluminium cap and printing carton) | $ 1.40 | $ 140,000.00 |
| 300,000 | Mezza Luna Prosecco 187ML( flint bottle, Aluminium cap and printing carton and gift box) | $ 1.08 | $ 324,000.00 |
| | **TOTAL** | | $ 651,600.00 |

| Deposit to be made | 2016.10.08 | $ 298,980.00 |
|---|---|---|
| Remaining Balance to be paid before shipping | | $ 352,620.00 |

**PLEASE WIRE PAYMENT TO:**

BENEFICIARY:  Rockwood & Hines Glass Group Ltd.
BANK ACCOUNT: 848 044 244 838
BENEFICIARY BANK: HSBC, 1 Queen's Road Central, Hong Kong
SWIFT:HSB CHK HHH KH

Please note: The full name "ROCKWOOD & HINES GLASS GROUP LTD." must show on the wire transfer or the payment will be rejected by the receiving bank.

**CLIENT**: Hereafter, The client (described in the SOLD TO paragraph) is defined as the owner of the product, drawing and/or trademark stipulate in the DESCRIPTION PARAGRAPH here above ..
**HOLD HARMLESS:** It is acknowledged that: the trademark and packaging design has been provided by Client. Rockwood & Hines is not capable to verify if the supplied trademark and packaging are not infringing property rights of any other similar products, therefore, the client is solely responsible for legal consequences if any arise. The above will applies, even if Rockwood assisted client in the designing of the packaging.
The client shall defend, indemnify, and hold harmless ROCKWOOD & HiNES GLASS GROUP (hereafter called ROCKWOOD) and its officers, directors, shareholders, employees, subsidiaries, affiliates, and parent companies, from any and all claims which may suffer as a result of and including, but not limited to, production liability, trademark or PACKAGING infringement, or any other claims which arise from the importation, distribution and packaging of the products by the client in any country. The client is defined herewith as the owner of the product/drawing here above

**PAYMENT DEFAULT (ROT):** ROCKWOOD and any of its affiliate companies, owns the product until final balance payment is received. In the event the client shall default in the complete payment of THE GOODS and such default shall continue for thirty days after written notice thereof or if the client should become bankrupt, then and in addition to any and all other legal remedies and rights, ROCKWOOD may seize the goods and close them out on any appropriate market, including but not limited to sell partially or finished goods to new or former customers of client.

**TERMS OF SALES:** The sale is always an EX-WORKS sale, except if any other written document stipulates otherwise. The responsability of ROCKWOOD will end after loading the container ex-works. Any damage during transportation is the responsability of the CLIENT . The fact that, from time to time Rockwood may recommand a freight forwarder, does not make Rockwood responsible for any transportation damages.
**DISPUTES:** In case of any dispute, the parties hereto agree to submit the resolution of the dispute in the International Commercial Arbitration court of Switzerland Chamber of Trade and Commerce according to Unistral regulations. The decision of the Arbitration court will be obligatory and final for both Parties. In the absence of any other formal contract, this document will be the only agreement between the parties. This agreement supersedes and cancels any NDA agreement, except for the part referring to the NONDISCLOSURE clauses.